**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Peter Andrew Hershfeldt, | ) | CV 98-0940-PHX-PGR |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| | ) | |
| George Herman, et al. | ) | |
| Respondents. | ) | |

Currently pending before the Court is the Petitioner's Motion for Leave to Amend Petition for Writ of Habeas Corpus, or Alternatively, Motion to Reinstate Original Habeas Petition (Doc. 34). The Court now rules on the motion.

On May 22, 2001, this Court entered an order adopting the Report and Recommendation of United States Magistrate Judge Mathis which denied the Petitioner's Amended Petition for Writ of Habeas Corpus. The District Court held that the Petitioner had exhausted his federal claims in the Arizona courts as required by the Anti-Terrorism and Effective Death Penalty Act, but rejected the petition on the merits. The Petitioner later appealed this order to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the District Court's dismissal of the Petitioner's writ for habeas corpus, but did so on different grounds. Specifically, the Ninth Circuit concluded that the Petitioner had not properly exhausted his federal claims; therefore, the federal appeals court was precluded

from reaching the merits of his habeas petition. Accordingly, the Petitioner returned to the Arizona state court to properly exhaust his state remedies in order to have his petition for writ of habeas corpus reviewed by the federal courts.

At this time, the Petitioner seeks to reinstate his original habeas petition. Through his motion, the Petitioner informs the Court that he is not filing a second, successive or a new habeas petition, but simply seeking to reinstate the petition which was previously dismissed.[1] However, this Court reached the merits of the Petitioner's writ for habeas corpus in May of 2001 and concluded that the Petitioner's claims should be denied. As such, the fact that the Petitioner has since properly exhausted his claims in state court does not change this Court's previous analysis in dismissing the petition on the merits. Therefore, the Petitioner's motion to either reinstate or amend his previous petition is denied as the Court concludes that the prior order's sound analysis still stands.

IT IS ORDERED that the Petitioner's Motion for Leave to Amend Petition for Writ of Habeas Corpus, or Alternatively, Motion to Reinstate Original Habeas Petition (Doc. 34) is DENIED.

DATED this 7th day of November, 2005.

Paul G. Rosenblatt
United States District Judge

---

[1] The Court has reviewed the lodged copy of the amended petition and confirmed that it is essentially identical to the original which was filed in July of 1998.