## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER ANDREW HERSHFELDT,<br><br>Petitioner - Appellant,<br><br>v.<br><br>TERRY GODDARD; et al.,<br><br>Respondents - Appellees. | No. 06-15509<br>D.C. No. CV-98-00940-PGR<br><br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Arizona (Phoenix).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered Monday, October 30, 2006



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

NOV 21 2006

by: Deputy Clerk

**NOT FOR PUBLICATION**

**FILED**

**OCT 30 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| PETER ANDREW HERSHFELDT, | No. 06-15509 |
|---|---|
| Petitioner - Appellant, | D.C. No. CV-98-00940-PGR |
| v. | |
| TERRY GODDARD, Attorney General of Arizona; GEORGE HERMAN, Warden, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted October 16, 2006**

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

Arizona state prisoner Peter Andrew Hershfeldt appeals *pro se* from the district court's order denying his motion to amend or reinstate his 28 U.S.C.

---

    *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

    **   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The district court did not abuse its discretion by denying Hershfeldt's motion to amend or reinstate his 1998 habeas petition. Hershfeldt's amended petition could not relate back to the date he filed his 1998 petition under Rule 15(c) of the Federal Rules of Civil Procedure because there was no pending petition to which his new filing could relate back or amend. *See Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999). To the extent that Hershfeldt's request to "reinstate" his 1998 petition can be construed as a motion for relief from judgment, we conclude that Hershfeldt did not establish an entitlement to relief under any of the enumerated grounds. *See* Fed. R. Civ. P. 60(b).

We construe the issue in the opening brief labeled "uncertified" as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e). So construed, we deny the motion. *See Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

All other pending motions are denied as moot.

**AFFIRMED.**