IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Andrew Hershfeldt,<br><br>      Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>      Respondents. | CV 98-940-PHX-PGR<br><br>**ORDER** |

Petitioner Peter Andrew Hershfeldt (Petitioner) has filed a Motion for Relief from Judgment "[o]f the Procedural Denial of His First Habeas Corpus Petition By the Ninth Circuit Court of Appeals," pursuant to Fed. R. Civ. P. 60(b). (Doc.48.) For a complete understanding of this Court's decision, a brief procedural history is necessary.

Petitioner filed his first petition for writ of habeas corpus in May *1998* which, on June 19,1998, was *dismissed* with leave to amend. On July 13, 1998, Petitioner filed an amended writ of habeas corpus. On May 22, 2001, this Court entered and order adopting the report and recommendation of the magistrate judge thereby denying Petitioner's writ of habeas corpus on its merits. On May 31, 2001, Petitioner filed an appeal with the Ninth Circuit Court of Appeals. On July 2, 2003, the Ninth Circuit affirmed the decision of this Court. Thereafter, on September 19, 2005, Petitioner filed an "Amended Petition for Writ of Habeas Corpus." On October 3, 2005, he then filed a "Motion to Amend Petition for Writ of Habeas Corpus or Alternatively Motion to Reinstate Original Habeas Petition." In response thereto, on November 7, 2005, this Court denied Petitioner motion explaining that it had previously denied Petitioner's petition on its merits and that the Ninth Circuit had subsequently affirmed

the dismissal of the Petitioner's writ of habeas corpus, albeit on different grounds.[1] (Doc. 35.) On November 21, 2005, Petitioner again filed an appeal with the Ninth Circuit. On November 28, 2006, the Ninth Circuit again affirmed the decision if this Court.

In that Order, the Ninth Circuit found that the District Court did not abuse its discretion by denying Hershfeldt's motion to amend or reinstate his 1998 habeas petition (i.e. his first writ). The amended petition could not relate back to the date he filed his 1998 petition under Rule Fed.R.Civ.P 15(c) because there was no pending petition to which his new filing could relate back or amend. See Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1991). They stated, "to the extent that Hershfeldt's request to 'reinstate' his 1998 petition can be construed as a motion for relief from judgment, we conclude that Hershfeldt did not establish an entitlement to relief under any of the enumerated grounds. See Fed. R. Civ. P. 60(b)."

Petitioner argues this Court and the Ninth Circuit erred when they dismissed his first habeas petition. According to Rule 60(b)(1), Petitioner had "no more than a year after the entry of the judgment or order or the date of the proceeding" to file this motion. It is clear from his motion, that he seeks relief from "judgment of the procedural denial of his *first* habeas corpus petition by the Ninth Circuit Court of Appeals." (Emphasis added). The most recent Ninth Circuit mandate in this case pertaining to Petitioner's writ of habeas corpus was entered on November 28, 2006. Furthermore, the most recent time this Court denied one of Petitioner's habeas petitions or amended petitions occurred on November 7, 2005 (Doc. 35).

Accordingly, the filing date of the pending motion (July 26, 2009) occurred well beyond one year from the date of most recent Ninth Circuit mandate and this Court's order of November 7, 2005. Pursuant to Fed.R.Civ.P 60(b)(1), the time for Petitioner to file the

---

[1] In particular, the Ninth Circuit concluded that the Petitioner had not properly exhausted his federal claims; therefore, the federal appeals court was precluded from reaching the merits of his habeas petition.

2

pending motion has expired.[2]

In sum, the Court (1) finds that Petitioner's motion is untimely and (2) the Ninth Circuit has ruled that Petitioner has failed to demonstrate that he is entitled to relief under any of the grounds enumerated in Fed.R.Civ. P. 60(b).

IT IS HEREBY ORDERED DENYING Petitioner's Motion for Relief from Judgment Under Fed.R.Civ.P. 60(b). (Doc. 48.)

IT IS FURTHER ORDERED DENYING as MOOT Petitioner's Motion for Leave to File a Supplemental Brief. (Doc. 52.)

DATED this 8th day of September, 2009.

Paul G. Rosenblatt
United States District Judge

---

[2] The Court notes that the United States Supreme Court denied the Petitioner's certiorari petition on May 27, 2008. Therefore, even if that is the judgment to which he is referring, his motion still remains untimely.

3